# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARTIN EDWARD ENGELMEYER, ) <br> ) <br> Plaintiff, ) <br> ) <br> -vs- ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Defendant. ) <br> ) | Case Nos. CR-14-116-F <br> CIV-22-955-F |

## ORDER

The court is in receipt of defendant's "Motion to Vacate or Set Aside a Sentence Declaring Supervised Release Unconstitutional Pursuant to 28 [U.S.C.] § 2255/18 [U.S.C.] § 3583(e)(2)." Doc. no. 45.

On May 19, 2014, defendant pleaded guilty to a Superseding Information charging defendant with distribution of child pornography in violation of 18 U.S.C. § 2252(a)(2). Subsequently, on August 11, 2014, the court sentenced defendant to imprisonment for a term of 210 months and supervised release for a term of 10 years. Judgment was entered the next day on August 12, 2014.

In his motion, defendant challenges his term of supervised release as illegal under the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution. Because defendant is challenging the validity rather than the execution of his sentence, his motion is properly brought under 28 U.S.C. § 2255. *See*, United States v. Walter, 223 Fed. Appx. 810 (10th Cir. 2007); Braun v. Stole, 15 Fed. Appx. 610, 611 (10th Cir. 2001);[1] *see also*, Chambers v. United States, No. 22-3137-JWL,

---

[1] Unpublished Tenth Circuit decisions cited as persuasive pursuant to 10th Cir. R. 32.1(A).

2022 WL 2527893, at *2 (D. Kan. July 7, 2022), United States v. Mays, No. 18-2383-KHV, 2018 WL 6000618 (D. Kan. Nov. 15, 2018); United States v. Williams, No. 03-40112-01-SAC, 2008 WL 2560971, *2 (D. Kan. June 26, 2008) (in challenging the term of supervised release, defendant attacks the validity of his sentence).

Section 2255 imposes a one-year statute of limitations for federal prisoners to bring their motion. The limitation period runs from the latest of—

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

A review of defendant's motion does not show that the trigger dates in subsection 2, 3 and 4 of section 2255(f) would apply to his motion.[2] Therefore, the only other trigger date available to defendant's motion is "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1).

---

[2] Because defendant is proceeding *pro se*, his motion is construed liberally. See, Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

"The date a conviction becomes final, though, changes depending on whether the prisoner files a direct criminal appeal. When a prisoner *does* file a direct criminal appeal, his or her 'criminal conviction becomes final when the Supreme Court affirms it on direct review, denies certiorari, or (in the absence of a certiorari petition) the time for filing a certiorari petition expires.'" United States v. Mathisen, 822 Fed Appx. 752, 753 (10th Cir. 2020) (quoting United States v. Prows, 448 F.3d 1223, 1227 (10th Cir. 2006)) (emphasis in original). "But when a prisoner *does not* file a direct criminal appeal, his or her 'criminal conviction becomes final upon the expiration of the time in which to take a direct criminal appeal.'" Id. (quoting Prows, 448 F.3d at 1227-28) (emphasis in original).

Defendant did not file a direct criminal appeal. Therefore, his criminal conviction became final when his time for a direct appeal expired—fourteen days after the court entered its judgment of conviction. *See*, Mathisen, 822 Fed. Appx. at 753 (citing Rule 4(b)(1)(A)(i), Fed. R. App. P.). The court entered judgment on defendant's conviction on August 12, 2014, and defendant's conviction became "final" on August 26, 2014. As a result, defendant had until exactly one year later, August 26, 2015, to file his motion under section 2255. Mathisen, 822 Fed. Appx. at 753 (citing United States v. Hurst, 322 F.3d 1256, 1261-62 (10th Cir. 2003)). However, defendant's motion was not filed until November 3, 2022.

Application of the trigger date in section 2255(f)(1) leads to a conclusion that defendant's motion was not filed within the one-year limitations period. Therefore, defendant's motion appears to be untimely. The one-year limitations period contained in section 2255(f) is not jurisdictional and is subject to equitable tolling. *See*, United States v. Gabaldon, 522 F.3d 1121, 1124 (10th Cir. 2008). Equitable tolling is appropriate "'when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control.'" Id. (quoting Marsh v. Soares, 223 F.3d 1217,

3

1220 (10th Cir. 2000)).  The prisoner must show "specific facts to support [a] claim of extraordinary circumstances and due diligence."  Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008).  Further, a credible showing of actual innocence also provides a gateway to consideration of an otherwise untimely claim of constitutional error as an equitable exception to the one-year limitation period.  *See*, McQuiggin v. Perkins, 133 S.Ct. 1924, 1928 (2013).  "[A]ctual innocence means factual innocence, not merely legal insufficiency."  Bousley v. United States, 523 U.S. 614, 615 (1998).  Defendant's motion does not show that the delay in filing was beyond defendant's control or that he was diligent in pursuing his claim or that he is factually innocent.

Consequently, defendant's motion appears to be untimely and subject to dismissal with prejudice.  District courts are "permitted, but not obliged" to review, *sua sponte*, a federal prisoner's section 2255 motion to determine whether it has been timely filed. The Tenth Circuit case law makes clear that the district court may raise a procedural bar on its own motion.  *See*, United States v. DeClerck, 252 Fed. Appx. 220, 224 (10th Cir. 2007) (citing Hardiman v. Reynolds, 971 F.2d 500 (10th Cir. 1992) and Hines v. United States, 971 F.2d 506 (1992)).  However, if the district court acts on its own raising a limitations defense, it must "accord the parties fair notice and an opportunity to present their positions."  Day v. McDonough, 547 U.S. 198, 210 (2006).  The court shall therefore permit defendant to file a response to this order within 30 days demonstrating why his section 2255 motion should not be dismissed as time-barred.  Failure to respond may result in dismissal of defendant's section 2255 motion without further notice to defendant.  If defendant files a response, the court will examine it, and if a reply from the government is required prior to the court ruling on the limitations issue, the court will enter an order permitting the government to reply.

Accordingly, it is hereby **ORDERED** that defendant is permitted to file a response to this order within 30 days of the date of this order, or by December 7,

2022, demonstrating why his motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 should not be dismissed as time-barred. Defendant may provide any records supporting his position. Failure by defendant to respond within the 30-day period prescribed by the court may result in dismissal of defendant's motion without further notice to defendant.

    IT IS SO ORDERED this 7th day of November, 2022.

                                                    *[Signature]*
                                                    STEPHEN P. FRIOT
                                                    UNITED STATES DISTRICT JUDGE

14-0116p006.docx